UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony M. Werts, | ) C/A No. 4:08-1852-TLW-TER |
| | ) |
|                Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| Greenwood County Detention Center; | ) |
| Lt. Butler; | ) |
| Major Anderson, | ) |
| | ) |
|                Defendants. | ) |

The Plaintiff, Anthony M. Werts (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Greenwood County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the Greenwood County Detention Center (GCDC) and two GCDC employees as Defendants.[2] Plaintiff claims he has been subjected to "discrimination and isolation" due to his HIV positive status. Plaintiff seeks monetary damages.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d

2

1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff alleges that, since his arrest on January 22, 2008, he has been housed in at least five different cells. Plaintiff is HIV positive and attributes his frequent moves to this fact. Plaintiff states he "was put in this postion [sic] just to keep me away from others." Plaintiff alleges his isolation is a form of discrimination. Plaintiff also alleges that, during his stay in one of the cells, he was housed near a "sewage problem". Plaintiff seeks monetary damages.

## Discussion

As an initial matter, the Greenwood County Detention Center is not amenable to suit under 42 U.S.C. § 1983. In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983*; Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." The Greenwood County Detention Center is a facility used to house prisoners and detainees. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the Greenwood County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *overruled*

*on other grounds, Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").  Since the Greenwood County Detention Center is not a proper Defendant in this § 1983 action, it is entitled to summary dismissal.

As for the issues presented, liberally construed, Plaintiff contends that his isolation or segregation by the Defendants violated Plaintiff's constitutional rights.  It is well settled that prison administrators are accorded wide deference in determining the policies and procedures for handling inmate populations, and federal courts do not generally interfere in these discretionary decisions. *See generally, Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997) ("[A] prisoner does not have a constitutional right to be housed at a particular institution, . . .[or] to receive a particular security classification....."); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) ("[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed); *Sweet v. South Carolina Department of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975) (*en banc*) (describing federal court's deference to prison administrators and all administrative matters unless the condition rises to the level of a constitutional violation).  *See also Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable

and more restrictive quarters for non punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.")[3]; *Beverati v. Smith*, 120 F.3d 500 (4th Cir. 1997) (inmates confinement in Administrative Segregation did not impose such an atypical hardship so as to implicate a liberty interest); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (prisoner does not have constitutional right to protective or minimum custody); *Jackson v. Bostick*, 760 F.Supp. 524, 528 (D.Md. 1991) (prisoners have no procedural due process rights with respect to administrative segregation). Plaintiff has failed to present facts sufficient to overcome this standard of deference.

Several courts have held that an HIV positive prisoner's constitutional rights are not violated by segregation from the general population. *See Onishea v. Hopper*, 171 F.3d 1289 (11th Cir. 1999); *Camarillo v. McCarthy*, 998 F.2d 638, 640 (9th Cir. 1993) ("It was not clearly established at the relevant time--nor is it now--that a prison policy segregating HIV- positive inmates from the general prison population is unconstitutional"); *Moore v. Mabus*, 976 F.2d 268, 271 (5th Cir. 1992) ("Identification and segregation of HIV-positive prisoners obviously serves a legitimate penological interest"); *Muhammad v. Carlson*, 845 F.2d 175 (8th Cir. 1988)(Court found no liberty interest in procedures established for isolating HIV positive prisoners). In addition, Plaintiff cannot argue that he has a "liberty" interest in remaining in the general jail population. It is known, from cases previously decided in this judicial district, that South Carolina law confers no protected liberty interest from placement in administrative segregation or in a particular prison. *See e.g., Keeler v. Pea*, 782 F.Supp. 42, 43-44 (D.S.C. 1992), citing *Meachum v. Fano*, 427 U.S. 215 (1976). *See also Vice v. Harvey*, 458 F.Supp. 1031, 1034 (D.S.C. 1978). Thus Plaintiff has failed to establish a

---

[3]Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later caselaw. This portion of the holding in *Hewitt v. Helms* has not been superannuated by later caselaw.

5

violation of his constitutional rights by virtue of his frequent cell changes or placement in a "special needs" unit of the detention center.

To the extent Plaintiff attempts to raise an equal protection argument, this claim also fails. To invoke the Equal Protection Clause, Plaintiff must show that he was similarly situated to other inmates. *Plyler v. Doe,* 457 U.S. 202, 216 (1987). However, "courts shave recognized that, because AIDS victims are not similarly situated to other prisoners, the Equal Protection Clause is not violated when inmates are placed in segregation because of their HIV+status." *Farmer v. Hawk,* No. 94-CV-2274(GK), 1996 WL 525321, at *10 (D.D.C. September 5, 1996) citing *Nolley v. County of Erie,* 776 F. Supp. 715, 739 (W.D.N.Y. 1991)(an HIV+ inmate carrying a contagious disease is not similarly situated to other inmates). In addition, the complaint gives no showing that the Defendants intentionally handled Plaintiff's case differently than they would have other similar HIV cases, nor does the complaint show that there was no rational basis for such treatment. Thus, any equal protection claim Plaintiff may be asserting is subject to summary dismissal. *See also Moore v. Mabus,* 976 F.2d at 271 (HIV positive prisoner's segregation into special section of prison did not violate equal protection rights); *Harris v. Thigpen,* 941 F.2d 1495, 1512, n.25 (11th Cir. 1991)(noting that prisoner cases challenging segregation of HIV positive inmates as violative of equal protection have met with little success); *Judd v. Packard,* 669 F. Supp. 741 (D. Md. 1987)(holding that placement in medical isolation for periods ranging up to six weeks did not violate an inmate's right to equal protection); *Cordero v. Coughlin*, 607 F.Supp. 9, 10 (S.D.N.Y. 1984)(holding that segregation of inmates with AIDS did not violate inmate's equal protection rights).

Finally, Plaintiff's claim regarding placement in a cell near a sewage problem does not amount to a constitutional violation.  While it is unclear to which cell Plaintiff is referring, Plaintiff clearly states that he moved cells frequently, often after only one or two days.  As Plaintiff did not remain in this cell for any length of time his claims, if any, would be *de minimis*, and would, therefore, not rise to constitutional proportions.

In sum, the undersigned concludes that the Plaintiffs' constitutional rights have not been violated.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.  Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 12, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).